ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **ANTONIO ALVAREZ MOLINA, MILAGROS DÍAZ FIGUEROA**<br><br>Recurridos<br><br>v.<br><br>**BELLA INTERNATIONAL, LLC**<br><br>Peticionaria | KLCE202301408 | **CERTIORARI**<br>procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.:<br>**SJ2023CV02813**<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de diciembre de 2023.

Comparece ante nos Bella International, Inc. (en adelante, Bella International o parte peticionaria) y solicita nuestra intervención para que dejemos sin efecto la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 29 de noviembre de 2023, notificada al día siguiente. Mediante la misma, el TPI determinó que el certificado provisto por el médico de cabecera del señor Antonio Álvarez Molina (en adelante, señor Álvarez Molina o parte recurrida) era adecuado, por lo cual no era necesaria la producción del expediente en su totalidad. Ello, por razón de impertinencia al caso y porque pudiera contener otra información de salud protegida.

Sin embargo, en vista de que se recurre de una orden interlocutoria dentro de una causa de acción al amparo del procedimiento sumario de la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, Ley Núm. 2 del 17 de octubre de 1961, 32

LPRA sec. 3118, *et seq.,* y no procede la aplicación de ninguna excepción, denegamos expedir el auto de *certiorari* solicitado.

**I**

Según surge del expediente, el 29 de marzo de 2023, el señor Álvarez Molina y su esposa, la señora Milagros Díaz Figueroa presentaron una *Querella* por despido injustificado, represalia y discrimen en contra de Bella International, bajo el procedimiento sumario de la Ley Núm. 2, *supra.* En esencia, el señor Álvarez Molina alegó que trabajó para la empresa querellada como mensajero desde enero de 2005 hasta el 28 de septiembre de 2022, fecha en la cual fue despedido. Adujo que su despido fue resultado de no inocularse con la segunda dosis contra el COVID-19, lo cual, a su juicio, constituyó una causa no justificada por parte de Bella International. Particularizó que no se vacunó por razones religiosas, así como por recomendación de los médicos con los cuales se atendió. Destacó que el patrono incumplió con el manual de empleados aplicable, y sus propias políticas, incluyendo las relacionadas a la pandemia. Esbozó que su expatrono tomó represalia en su conta por manifestar oposición a que se le obligara a vacunarse por encima de sus creencias y el criterio de su cardiólogo. Solicitó el pago de la indemnización por despido injustificado, represalia y discrimen, así como su penalidad, y demás sumas correspondientes. Bella International contestó la querella oportunamente, en la cual aceptó algunas alegaciones y negó otras.

Al cabo de múltiples incidencias procesales, el 25 de octubre de 2023, las partes presentaron una *Moción Conjunta Exponiendo sus Posiciones en cuanto a la Producción de los Expedientes Médicos del Querellante.* En lo pertinente, expresaron que, a pesar de que resolvieron parte de las controversias en cuanto al descubrimiento de prueba, no lograron acordar lo relativo a los expedientes médicos del señor Álvarez Molina. Bella International razonó que era

necesaria la producción del expediente del doctor Carlos Maisonet Correa, toda vez que el señor Álvarez Molina alegó que, a base de su historial, éste le recomendó no ponerse la vacuna en cuestión. Esbozó que era esencial conocer sobre el referido historial médico para respaldar la posición en cuanto a que el señor Álvarez Molina no mostró tener una condición médica que le impidiera vacunarse y por la cual se le tenía que eximir de la política patronal.

Por su parte, el señor Álvarez Molina se opuso a lo solicitado por Bella International por falta de pertinencia y por el privilegio de médico-paciente. En lo concerniente al expediente del doctor Maisonet Correa, el señor Álvarez Molina argumentó que, al este ser su médico de cabecera, dicha documentación contenía abundante información privilegiada que no guardaba relación con el asunto del despido. Precisó que lo pertinente al caso era lo relacionado al certificado médico que lo excusó de vacunarse, el cual el patrono tenía en su posesión.

En atención a lo anterior, el tribunal evaluó los certificados médicos de los doctores que ofrecieron tratamiento al señor Álvarez Molina. En específico, mediante *Orden* dictada el 29 de noviembre de 2023, el foro primario determinó que el documento suscrito por el doctor Maisonet Correa era suficientemente detallado como para no ser necesaria la producción del expediente en su totalidad. Ello, particularmente ante lo alegado por el señor Álvarez Molina, a los efectos de que el referido galeno era su médico de cabecera y que su expediente pudiera contener otra información de salud protegida y no pertinente al caso de autos. No obstante, el TPI sí ordenó la producción del expediente del médico especialista que atendió al señor Álvarez Molina, toda vez que el certificado médico provisto carecía de información detallada y este estaba íntimamente relacionado con la controversia en el caso.

Inconforme con lo resuelto por el tribunal primario, el 11 de diciembre de 2023, Bella International acudió ante nos mediante el presente recurso de *certiorari*. En el mismo plantea que:

> El Tribunal de Primera Instancia cometió un craso abuso de su discreción al denegar la solicitud de producción de expediente médico, pues ignoró que el requerimiento va dirigido a una de las controversias medulares de este litigio.

## II

### A

La *Ley de Procedimiento Sumario de Reclamaciones Laborales*, supra, provee un trámite especial para atender las querellas relacionadas con las disputas laborales presentadas por empleados u obreros en contra de sus patronos. *León Torres v. Rivera Lebrón*, 204 DPR 20, 30 (2020), citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Este mecanismo se distingue por la celeridad con la cual se deben encausar estos procesos judiciales. El carácter sumario constituye la médula de esta ley. *Íd.*

Con el fin de dar cabal cumplimiento a la intención legislativa de establecer un procedimiento expedito y sumario, los Tribunales deben abstenerse de revisar las resoluciones interlocutorias que se dicten durante dicho proceso. En consecuencia, la parte que pretenda impugnarlas deberá esperar hasta la sentencia final e instar contra ella el recurso pertinente a base del alegado error cometido. En *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 498 (1999), nuestro Tribunal Supremo concluyó que la revisión de resoluciones interlocutorias resulta contraria al carácter sumario del procedimiento laboral de la Ley Núm. 2.

Ahora bien, esta norma de autolimitación no es absoluta, pues quedaron exceptuadas de dicha prohibición aquellas resoluciones dictadas por un tribunal sin jurisdicción y aquellos casos extremos en los cuales los fines de la justicia así lo requieran. *Íd.,* pág. 498. En específico, el Tribunal Supremo dispuso que procedía la revisión

inmediata cuando hacerlo dispondría del caso en forma definitiva o cuando tenga el efecto de evitar una grave injusticia. *Íd.* Véase, además, *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 733 (2016).

**B**

El recurso de *certiorari* es el mecanismo procesal idóneo para que un tribunal de superior jerarquía pueda enmendar los errores que cometa el foro primario, sean procesales o sustantivos. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, resuelto el 12 de abril de 2023; *León v. Rest. El Tropical,* 154 DPR 249 (2001). La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente los asuntos que podemos atender mediante el referido recurso. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021); *Scotiabank v. ZAF Corp. et al.,* 202 DPR 478 (2019).[1]

Sin embargo, distinto al recurso de apelación, la expedición del auto de *certiorari* está sujeta a la discreción del foro revisor. La discreción consiste en una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión ecuánime. Ahora bien, no significa poder actuar en una forma u otra, haciendo abstracción del resto del derecho, porque, ciertamente, eso constituiría un abuso de discreción. *García v. Padró,* 165 DPR 324, 334-335 (2005).

---

[1] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra.*

Así, para que este Foro pueda ejercer con mesura la facultad discrecional de entender, o no, en los méritos, una petición de *certiorari,* la Regla 40 del Reglamento del Tribunal de Apelaciones enumera los criterios que viabilizan dicho ejercicio. En particular, la referida Regla dispone lo siguiente:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Los criterios antes transcritos nos sirven de guía para poder, de manera sabia y prudente, tomar la determinación de si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De no encontrarse presente alguno de los criterios anteriormente enumerados en un caso ante nuestra consideración, no procede nuestra intervención.

Además, es importante enfatizar que todas las decisiones y actuaciones judiciales se presumen correctas y le compete a la parte que las impugne probar lo contrario. *Vargas v. González,* 149 DPR 859, 866 (1999).

# III

En la presente causa, la parte peticionaria sostiene que erró el foro *a quo* al no ordenar la producción del expediente del médico de cabecera de la parte recurrida. Aduce que, con dicho acto, el TPI, no solo quebrantó las normas aplicables al descubrimiento de prueba, sino que se le violentaron sus derechos constitucionales. Arguye que ante las alegaciones de la parte recurrida sobre la política de vacunación contra el COVID-19 y las posibles excepciones por condiciones de salud, resultaba indispensable el récord médico del doctor Maisonet Correa. Fundamentó la necesidad de dicho récord en que este podría contener más información sobre lo que se incluyó en la certificación médica suscrita por el aludido doctor, el cual le recomendó a la parte recurrida no vacunarse porque podría ser perjudicial por sus condiciones de salud existentes. Ante ello, recaba la intervención de este Foro para evitar lo que entiende sería un fracaso de la justicia.

Luego de un análisis de los hechos particulares del caso, concluimos que no procede apartarnos de la norma general de autolimitación en el ejercicio de la función revisora que se nos requiere en pleitos de esta naturaleza. Debido a que estamos ante una *Orden* interlocutoria dentro de una causa de acción al amparo del procedimiento sumario de la Ley Núm. 2, y que ninguna de las excepciones se encuentra presente en el caso de autos, denegamos la expedición del auto solicitado. Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA AP. XXII-B, R. 40.

La decisión recurrida no es claramente errónea, tampoco se dictó sin jurisdicción, ni genera un fracaso de la justicia que justifique nuestra intervención. Es un hecho que la condición de salud de la parte recurrida es un requisito para la causa de acción de referencia. En ese sentido, resulta evidente que el tribunal ejerció prudentemente su discreción al ordenar la producción de la

totalidad del expediente del cardiólogo que atendió al señor Álvarez Molina, toda vez que este se relaciona directamente con la razón por la cual no se recomendó la vacunación en cuestión.

Cuando el TPI adjudique en su totalidad la causa de epígrafe, la parte perjudicada por la decisión final podrá comparecer ante nos y podrá solicitar la revisión de esta y de las resoluciones interlocutorias emitidas, de entenderlo procedente.

**IV**

Por las consideraciones que preceden, denegamos expedir el auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones